**Robert Dale BROWNELL, Plaintiff,**

v.

**John ENGLER, et al., Defendants.**

**File No. 1:97–CV–18.**

United States District Court,
W.D. Michigan,
Southern Division.

Jan. 24, 1997.

Robert Dale Brownell, Grand Rapids, MI, for Plaintiff.

Mark Edward Donnelly, Frank J. Kelley, Attorney General, Tort Defense Div., Lansing, MI, for John Engler, Frank J. Kelley.

Loren G. Keenan, Michigan Nat. Corp., Farmington Hills, MI, for Michigan National Bank.

Jasper A. Cragwall, Jr., Warner, Norcross & Judd, L.L.P., Grand Rapids, MI, for Old Kent Bank.

Michael J. Roth, Law, Weathers & Richardson, Grand Rapids, MI, for Westman Realty, Inc.

Stephen L. Witenoff, Thomas, DeGrood, Witenoff & Hoffman, Southfield, MI, for George M. Degrood, III.

*OPINION*

ROBERT HOLMES BELL, District Judge.

Plaintiff Robert Dale Brownell filed this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, alleging that the defendants worked separately or together 1) to deprive him of real and personal property under color of law, by attempting to and actually collecting a tax by distraint in violation of the law; 2) to deprive Plaintiff's federally protected rights to equal protection under the Law by issuing summons without jurisdiction to do so; and 3) to deprive Plaintiff's federally protected rights to be secure in his person and papers, by collecting private information and/or surrendering private information absent jurisdiction to do so, except pursuant to due process, and while clothed in the authority of state law.

Plaintiff has named 20 defendants,[1] and alleges that they participated in a fraudulent process designed to force Plaintiff to surrender property by distraint to satisfy an alleged tax debt that Plaintiff does not owe. Plaintiff seeks damages in the amount of $25 million against each defendant.

Plaintiff has filed a 38–page brief in support of his verified complaint, a statement of his cause of action, a statement of facts and relief requested, and 88 pages of exhibits. Plaintiff's brief contains the following claims:

1. that absolute sovereignty in these United States resides in the people/citizens;

2. that Plaintiff does not owe his citizenship status to the Fourteenth Amendment;

3. that the exclusive jurisdiction of the United States is limited to territories belonging to the United States;

4. that compensation for citizens, under the constitution, is not taxable by the federal government and is exempt from gross income;

5. the 16th Amendment did not give the IRS or the treasury the power to implement an unapportioned direct tax on compensation;

6. that right to labor is free from tax under the fundamental law and may be excluded from gross income;

7. that income tax is an indirect excise tax requiring the exercise of a privilege;

8. that income tax is voluntary and not based on distraint; and

9. that nonresident aliens are exempt from withholding.

Article III, Section 2 of the United States Constitution confines the federal courts to adjudicating actual "cases" and "controversies." *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). "This section delineates the absolute limits on the federal courts' jurisdiction." *Ankenbrandt· v. Richards,* 504 U.S. 689, 695, 112 S.Ct. 2206, 2211, 119 L.Ed.2d 468, 477 (1992). "The judicial power of the United States defined by Art III is not an unconditioned authority to determine the constitutionality of legislative or executive acts. The power to declare the rights of individuals and to measure the authority of governments ... 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy.'" *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (quoting *Chicago & G.T. Ry. Co. v. Wellman,* 143 U.S. 339, 345, 12 S.Ct. 400, 402, 36 L.Ed. 176 (1892).)

■ Lack of subject matter jurisdiction may be raised by the Court sua sponte. "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3) (emphasis added).

■ Upon review of the complaint and its various attachments, it becomes abundantly

1. The defendants include Michigan Governor John Engler, Michigan Attorney General Frank J. Kelley, United States District Court Clerk Ronald C. Weston, United States District Judge Gordon J. Quist, United States District Court Magistrate Judge Joseph G. Scoville, United States Attorney Michael H. Dettmer, Assistant United States Attorney Edith A. Landman, Marshal Barbara C. Lee, Deputy Marshals Mark D. Hessler and R. Scott Lugtigheid, Internal Revenue Service Officers Rosie L. Wilson, Ralph O. Wesel, Mark S. Pendery and Jay Bowers, Michigan National Bank, Keebler Company Bakery Credit Union, Old Kent Bank, Westman Realty, Inc., and Attorney George M. DeGrood, III.

clear that Plaintiff has not presented this Court with an actual "case or controversy." Plaintiff is not claiming that any of the named defendants has violated the law in any respect. Rather, Plaintiff's claim is clearly that those provisions of the law which allow for taxation of income and process to compel payment of taxes, are unconstitutional.

Plaintiff's legal contentions are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Based upon the number of defendants sued, the high public office and immunity held by many of those defendants, the lack of factual allegations against the individual defendants, and the settled nature of the law being attacked by the Plaintiff, the Court cannot help but conclude that Plaintiff has presented this complaint for the purpose of harassing these defendants and making a political statement.

This Court will not require 20 defendants to respond to Plaintiff's obviously frivolous complaint for damages. The Court will not allow Plaintiff to waste the resources of the Court or these defendants in this manner. Neither will the Court allow Plaintiff to use the Court and these defendants as pawns in support of Plaintiff's political agenda.

Accordingly, Plaintiff's complaint will be dismissed for lack of subject matter jurisdiction.